UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:15-CV-00150-LLK

JANET P. WALKER                                                                                                   PLAINTIFF

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security             DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. 405(g), of the final decision of the Commissioner denying her claim for Social Security disability benefits. The fact and law summaries of Plaintiff and Defendant are at Dockets 17 and 22. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. Docket 10. The case is ripe for determination.

Because the ALJ's decision was supported by substantial evidence in the administrative record and was in accord with applicable legal standards, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

**Discussion**

Plaintiff alleges that she became disabled at the age of 43 in December 2010, when her daughter, granddaughter, and son-in-law were killed in an accident, and she has subsequently been unable to return to work due to bereavement. She further alleges that her disability claim is supported by physical impairments.

The ALJ found that Plaintiff suffers from "severe," or vocationally-significant, chronic leg and left shoulder pain, chronic low back pain with early arthritic changes, diabetes mellitus, peripheral neuropathy, ischemic heart disease, and depressive disorder. ALJ's decision at administrative record (AR), p. 18. The ALJ found that plaintiff's depression limits her to simple, routine, repetitive, slow-paced tasks (AR, p. 21) and that, notwithstanding her physical impairments, there are a significant number of

light and sedentary jobs in the national economy she is mentally and physically capable of performing (AR, p. 28).[1]

Plaintiff raises five contentions, none of which is persuasive.

### The psychiatrist's opinion does not establish mental disability.

First, Plaintiff relies on the opinion of psychiatrist D. Catherine Miller. In July 2012, Dr. Miller noted that Plaintiff was applying for disability benefits because "she has been unable to go back to work since her daughter's death" and opined that "whether she will recover sufficiently to function in an employment setting within two years cannot be predicted." AR, pp. 436 and 438.

Dr. Miller's opinion does not establish that Plaintiff is disabled because disability is defined as an actual "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. 423(d)(1)(A). A claimant's not returning to the work force following a trauma, coupled with a psychiatrist's uncertainty as to her ability to return is insufficient.

### The treating physician's opinion does not establish physical disability.

Second, Plaintiff contends that the ALJ was obliged to accept the opinion of her treating physician, Eric Loy, that she can sit/stand (with an option) at a work station for a maximum of less than 4 hours per 8-hour workday and that she would be expected to miss work "all the time." AR, p. 540. It is undisputed that acceptance of these opinions would render Plaintiff disabled, i.e., incapable of any full-time work.

A treating physician's medical opinion is entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the administrative] case record." 20 C.F.R. 404.1527(c)(2).

---

[1] Rules 202.18 and 201.19 of Appendix 2 of the regulations direct an ultimate finding of "not disabled" if Plaintiff is limited to light and sedentary work, respectively.

"Controlling" weight is a term of art in the sense that, even if the ALJ does not give a treating source's opinion controlling weight, it may nevertheless be entitled to case-dispositive weight, that is, greater weight than any other opinion in the record. "When [the ALJ] do[es] not give the treating source's opinion controlling weight, [the ALJ must] apply the factors [listed at Section 404.1527(c)(1) through (6)] in determining the weight to give the opinion." These factors are length of the treatment relationship and frequency of examination, nature and extent of treatment, supportability of the opinion based on medical signs and laboratory findings, consistency of the opinion with the record as a whole, the physician's specialization (if any), and any other relevant factor.

The ALJ was not required to give controlling weight to Dr. Loy's disabling opinions because Dr. Loy's findings are internally inconsistent. This is because Dr. Loy also found that Plaintiff can sit for 4-6 hours (with short breaks every 2 hours), stand for less than 2 hours, and walk for less than one-half mile per 8-hour workday. AR, p. 540. Additionally, the ALJ was not required to give controlling weight to any of Dr. Loy's findings, contained on the Residual Functional Capacity Assessment form, because Dr. Loy left blank the "diagnosis(es)" and "comments" section of the form and otherwise gave no indication what, if any, objective medical findings supported his opinions. See 20 C.F.R. 404.1527(c)(2) (Controlling weight is owing a treating physician's opinion only if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques"). The Court and Plaintiff would have to speculate as to what, if anything, Dr. Loy believed supported his disabling findings.

The ALJ was not required to give dispositive weight to Dr. Loy's disabling findings in light of the ALJ's consideration of the relevant factors at Section 404.1527(c)(1) through (6). Specifically, the ALJ gave "little" weight to Dr. Loy's "less than sedentary, less than full-time restrictions … as these are not consistent with the objective findings." ALJ's decision at AR, p. 26. Instead, the ALJ gave "significant" weight to the findings of Social Security's one-time consultant, J. Roy Watson, M.D. (opinion at AR, p. 26 referring to narrative report at AR, pp. 439-441), and of non-examining program physician, Diosdado

Irlandez (referring to AR, pp. 140-142), which are compatible with light work. Additionally, the ALJ accepted the opinion of vascular surgeon Scott Copeland that the Plaintiff's symptoms are disproportionate to the physical findings and she should "actually [be] encouraged [to perform] a greater level of physical activity" (referring to AR, p. 467).

**The ALJ's decision was not defective for failing to address Dr. Copeland's findings.**

Third, Plaintiff contends that the ALJ's decision is deficient because it did not explicitly address a notation by Scott Copeland, M.D., that a CT angiogram was interpreted as showing 70 percent stenosis of the left superficial femoral artery and 50 percent stenosis of her right external iliac artery. AR, p. 410.[2]

"Regardless of its source, we [Social Security] will evaluate every medical opinion we receive." 20 C.F.R. 404.1527(c). This does not mean, however, that an ALJ's decision must explicit reference and discuss every piece of medical evidence. See Kornecky v. Commissioner, 167 Fed. App'x 496, 507 (6th Cir.2006) ("[A]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party"). A regulatory violation occurs only when an ALJ rejects a whole line of evidence. Id.

Plaintiff has provided no evidence that Dr. Copeland's findings regarding leg-artery stenosis preclude all light and sedentary work. See Higgs v. Secretary, 880 F.2d 860, 863 (6th Cir.1988) ("The mere diagnosis of [an impairment] ... says nothing about the severity of the condition"); Fensterer v. Commissioner, 2013 WL 4029049 (E.D.Mich.) quoting Nguyen v. Secretary, 172 F.3d 31, 35 (1st Cir.1999) (Reviewing courts are "simply not qualified to interpret raw medical data in functional terms").

---

[2] The femoral artery is located in the thigh, extending from the external iliac artery down the leg, supplying blood to the lower portion of the body. Meadows v. Commissioner, 2015 WL 3820609 n.2 (S.D.W.Va.). Stenosis is the narrowing of an artery, usually caused by atherosclerosis. Davis v. Commissioner, 2016 WL 5662079 n.8 (W.D.Mo.).

**The ALJ's decision was not defective for failing to address Dr. Schwank's finding**

After the administrative hearing but before the ALJ issued his decision, Plaintiff submitted medical records from neurosurgeon William Schwank.  Exhibit 23F, AR, pp. 601-607.  Among other things, Dr. Schwank found evidence of cervicalgia with paresthesias[3] on what appears to be a C6 dermatome on the left.  AR, p. 602.  The Appeals Council (not the ALJ) admitted Exhibit 23F as part of the administrative record.  AR, p. 4.

Plaintiff's fourth contention is that the ALJ's decision is defective for failing to address the evidence from Dr. Schwank, particularly in light of the ALJ's assurances at the hearing that he would consider the evidence if submitted promptly.  Plaintiff insists that he did timely submit the evidence, and the ALJ unfairly did not make the evidence part of the record and explicitly discuss it in his written decision.

The Court has authority to consider Dr. Schwank's findings pursuant to Sentence 4 or Sentence 6 of 42 U.S.C. 405(g).  These sub-sections apply to review of evidence that was and was not (fairly) before the ALJ, respectively.  Under either standard, Plaintiff's reliance on Dr. Schwank's findings is unpersuasive.  Therefore, the Court declines to opine with respect to the fairness of the ALJ's treatment of the evidence from Dr. Schwank.

Under Sentence 4, Plaintiff's reliance on Dr. Schwank's findings is unpersuasive for essentially the same reasons her third contention is unpersuasive:  There is no evidence that Dr. Schwank's findings, including his finding that Plaintiff has cervicalgia, preclude the light and sedentary jobs the ALJ found Plaintiff can perform.  See Higgs and Fensterer, supra.

Under Sentence 6, the Court may consider evidence that was not before the ALJ for the limited purpose of determining whether, upon a showing of good cause for late submission of the evidence, the

---

[3] Cervicalgia is neck pain, or discomfort in any of the structures in the neck, including the muscles, nerves, bones (vertebrae), and the disks between the bones.  Leveque v. Commissioner, 2014 WL 172297 n.2 (E.D.Mich.).  Paresthesia is an abnormal touch sensation, such as burning, prickling, or formication, often in the absence of an external stimulus.  Rios v. Commissioner, 2016 WL 2986972 n.4 (N.D.Ill.).

evidence is material. Evidence is material if there is a "reasonable probability that the Commissioner would have reached a different disposition of the disability claim if presented with the new evidence." Sizemore v. Secretary, 865 F.2d 709, 711 (6th Cir.1988). While there was arguably good cause excusing the ALJ's decision to treat the evidence from Dr. Schwank as not before the ALJ (i.e., the ALJ's presumed unfairness in not admitting the evidence), Plaintiff has failed to demonstrate materiality of the evidence.

**The ALJ's decision was not defective due to an incomplete list of "severe" impairments.**

Plaintiff's fifth and final contention is that the ALJ erred in not recognizing that she suffers from "severe," or vocationally-significant, cervicalgia, peripheral vascular disease, and bereavement. Although these impairments were not specifically listed among Plaintiff's severe impairments (AR, p. 18), the ALJ discussed Plaintiff's neck x-ray, peripheral artery disease in the legs, and the findings of her bereavement counselor. AR, pp. 23 and 25. Where (as here), the ALJ adequately considered the limiting effects of all severe and non-severe impairments as a whole, the ALJ's not including a specific impairment in the list of severe impairments does not constitute reversible error. Maziarz v. Secretary, 837 F.2d 240, 244 (6th Cir. 1987); see also Higgs, supra (The burden is on Plaintiff to prove that an impairment is severe).

**Order**

It is hereby ORDERED that the final decision of the Commissioner is AFFIRMED and Plaintiff's complaint is DISMISSED.